METROPOLITAN SAND & GRAVEL CORPORATION v. PETTERSON LIGHTERAGE & TOWING CORPORATION et al.

THE G. G. 118.

THE NEW YORK SOCONY.

District Court, S. D. New York.
Dec. 22, 1943.

Macklin, Brown, Lenaran & Speer, of New York City (Leo F. Hanan and John F. Quarto, both of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine, of New York City, of counsel), for respondent.

John W. Knox, of New York City, for impleaded.

MANDELBAUM, District Judge.

The libelant sues for damages to its scow, "G.G. 118", which was chartered to the respondent, Petterson Lighterage & Towing Corp., alleging that it was in good condition when so chartered and that it was returned in a damaged condition.

The respondent has, in turn, impleaded the Socony Vacuum Oil Co., owners of the m/v "New York Socony", whose negligence, it is asserted, caused the damage to the scow which was in tow of the respondent's tug, "Bon".

It appears from the evidence at the trial before me, that at about 9:30 P.M. on February 17, 1943, off Tompkinsville, Staten Island, the "New York Socony", travelling easterly, and the scow in tow on the port side of the "Bon", travelling northerly, collided.

This portion of New York Harbor contained a number of vessels at anchor, and it appears that the "New York Socony" and the "Bon" sighted each other as the "New York Socony" was coming out from behind the stern of an anchored vessel. At this time they were about 750 feet apart and each was proceeding at about 5 knots.

Immediately after sighting each other, the "New York Socony" gave two blasts with her whistle denoting an intention to cross the bow of the tug. It is the view of the "New York Socony" that this was a starboard to starboard passing, because it was alleged the "New York Socony" was about 400 feet westerly of the course of the "Bon".

In answer to the two blasts, the captain of the "Bon" gave the alarm signal and reversed his engines, at the same time giving three blasts and putting his wheel hard right. The "New York Socony", however, proceeded at the same speed turning a bit to the left and thus continued until the impact.

The testimony, however, shows that this was not a starboard to starboard passing (article 18, 33 U.S.C.A. § 203), since the converging paths of the vessels presented a crossing situation which is provided for by article 19. Article 19 of the Inland Rules, 33 U.S.C.A. § 204.

Article 19 states: "When two steam vessels are crossing, so as to involve risk of collision, the vessel which has the other on her own starboard side shall keep out of the way of the other".

It was the duty therefore of the "New York Socony", who had the tug on her starboard side, to keep out of the way of the tug. In the face of imminent danger of collision in a crossing situation, some positive act such as reversing engines or sharp change of course is called for, pursuant to Article 23, 33 U.S.C.A. § 208, which states:

"Every steam vessel which is directed by these rules to keep out of the way of another vessel shall, on approaching her, if necessary, slacken her speed or stop or reverse."

See Postal Steamship Co. v. The El Isleo, 308 U.S. 378, 60 S.Ct. 332, 84 L.Ed. 335.

And for her failure to comply with Rule 23 as well as with Rule 19, this court must find the "New York Socony" negligent.

The contention that special circumstances existed to warrant a departure from the stated rule is, in my opinion, without merit.

Further testimony was offered in respect to the lack of proper lookouts on each of the vessels and the condition of the tide. I find that these facts did not contribute to the collision, and that the tug, "Bon", did everything that was required of her, to avoid the collision.

I must find therefore, from all the testimony, that the "New York Socony" was solely responsible for the collision.

The following are the court's findings:

### Findings of Fact.

1. The collision between the "New York Socony" and the tug, "G.G. 118" towed by the tug, "Bon", on February 17, 1943, at about 9:30 P.M. occurred off Tompkinsville, Staten Island, while the "New York Socony" was travelling easterly and the scow in tow of the tug were travelling in a northerly direction.

2. That upon sighting each other, a crossing situation existed and not a starboard to starboard passing.

3. That no special circumstances existed that warranted a departure from the requirements of Rules 19 and 23 of the Inland Rules.

4. That the lack of proper lookouts and the condition of the tide did not contribute to the collision.

### Conclusions of Law.

1. That the "New York Socony" was solely negligent for the collision in failing to keep out of the way of the tug, "Bon", and in attempting to cross the bow of the tug.

2. That decree shall enter against the Socony-Vacuum Oil Company, as owner of the m/v "New York Socony", for damages sustained by the scow, "G.G. 118", resulting from the collision between the two vessels.

3. That a reference shall be made to determine the amount of damages aforesaid.